JACKSON *ex. dem.* M'CLELAN and others, *against* MATHER.

Unnecessary papers, copied *in hæc verba* into a case, tho' allowed by the judge on settling the case, were disallowed in taxation.

Only one draft of subpœna and subpœna ticket allowed, though several subpœnas issue

Certified copies from the secretary's office taxed.

So certified copies of depositions taken *pendente lite*, under act to perpetuate the testimony of witnesses, &c. (1 R. L. 455.)

But there must be an affidavit that these were necessary, &c.

APPEAL from the taxation of costs in ejectment, and verdict for plaintiff, on which a case was made, and judgment thereon for the plaintiff. In making up the case, (which was done by the plaintiff,) several written evidences of title, as patents, deeds, and field books, were inserted therein *verbatim ;* and on taxing the costs, the taxing officer refused to allow for copying these, as he deemed them not necessarily incorporated in the case, though they were allowed to be inserted by the Judge who tried the cause, by whom the case was settled.

He also refused to allow for more than one draft of *subpœna*, though several *subpœnas* were issued ; and so of tickets.

He also refused to allow the fees paid for certified copies of a patent, an act of partition, deed of partition and field book, and another deed which had been procured from the office of the Secretary of State—$24 35.

He also refused to allow for copies of testimony taken under the " act to perpetuate the testimony of witnesses in certain cases," filed in the Delaware Clerk's office, and exemplified—$9.

*Curia.* This case is swelled to 200 folios, by copying the patent, field book and deeds *in hæc verba ;* when 30 folios

would have answered every purpose. It would have been enough to refer to these papers, without encumbering the case with the entire instruments. It was in season to object this on the taxation which is so far right.

Jackson
.v.
Stiles.

One draft is sufficient for all the *subpoenas* in the cause, and so of the tickets. The taxation is right in this respect.

But the charge for certified copies should have been allowed. The certificate and seal of the Secretary is made evidence,(*a*) and it is no longer necessary for him to attend Court on a *subpoena duces tecum*, or commit the papers of his office to a deputy, as formerly. The allowance comes in place of that which was formerly due to him as a witness, and is highly reasonable.

(*a*) Stat. sess. 32, ch. 141, s. 1.

So also as to the papers for perpetuating testimony under the statute.(*b*) The 4th section of that act, it is true, declares that the parties may take copies at their own expense, and would seem to imply that this should not be taxed; but as to evidence taken under that statute in a suit already pending, there is nothing to negative the allowance.

(*b*) Sess. 36, ch. 61, 1 R. L. 455; and vid. *Jackson* v. *Hooker*, 1 Cowen's Rep. 586.

RULE. That the costs in this cause be re-taxed; but the taxation is confirmed except as to $24 35, for copies of records from the Secretary's office, and the sum of $9, for copies of testimony perpetuated, and that, as to those items, the same be allowed, on filing an affidavit that the said copies were necessary on the trial, and that the plaintiff has paid for the same the amount charged.(*c*)

(*c*) See *Jackson* v. *Root*, (18 John. 336,) acc.